# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIO MORENO,<br><br>Defendant. | CASE NO. 1:08-CR-000233-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br><br>(Doc. 42) |

Before the Court is Defendant Elio Moreno's motion to reduce his sentence (Doc. 42), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that Defendant Moreno is not eligible for a reduction under § 1B1.10. *See* Doc. 49. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

**I.    BACKGROUND**

Defendant pleaded guilty to count one, 21 U.S.C. § 841(a)(1), (b)(1)(A), possession with intent to distribute methamphetamine. *See* Docs. 26, 41. Accepting the PSR determination, the Court found a base offense level of 38 (for the amount of methamphetamine involved the case), and a criminal history category of I (based on 0 criminal history points). Pursuant to §§ 3E1.1(a) and (b), Defendant qualified for a base offense reduction by 3 levels for Defendant's acceptance of responsibility, to an adjusted offense level of 35. The Guidelines range for a defendant with an offense level of 35 and a criminal history category I was 168 to 210 months imprisonment, and the

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

statutory mandatory minimum term of imprisonment was 120 months. U.S.S.G. Ch. 5, Pt. A. In a downward variance, the Court on August 21, 2009, imposed the statutory mandatory minimum sentence of 120 months, with 60 months supervised release, and a $100 special assessment. *See* Docs. 40, 41.

## II.  LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies

relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

**III.    DISCUSSION**

By his motion, Defendant Moreno requests a reduction in his sentence under Amendment 782, enumerated in U.S.S.G. § 1B1.10(d). Moreno argues that the Amendment "operates as an across-the-board reduction in prisoner's drug base offense by two levels," thus, he is entitled to a reduction in sentence. Doc. 41 at ¶ 2.

The initial inquiry is whether Defendant is eligible for a sentence reduction. Here, the Court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon*, 560 U.S. at 825-26. 18 U.S.C. § 3582 permits reduction of a sentence only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."

Here, Moreno does not dispute that he received a downward variance at sentencing when the Court imposed a below-guideline sentence of 120 months, the statutory mandatory minimum. *See* Docs. 40, 41. While accurate that under the Amendment the adjusted drug quantity table reduces Defendant's base offense level from 38 to 36, Defendant misapprehends the effect on the Court's authority to reduce his below-guideline sentence. The Amendment does not change the 120-month statutory mandatory minimum applicable in Defendant's case. Rather, the practical effect of the 2-level reduction in his base offense level is an adjusted guideline range of 135 to 168 months. In sum, Moreno's original sentence (120 months) is still less than the new guideline range (135 to 168 months).

The Court concludes that Defendant Moreno is not eligible for a sentence reduction under § 3582(c) because the Court has imposed the statutory mandatory minimum term of imprisonment, a term which is lower than the amended guideline range. *United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009). Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), the Court does not have the authority to reduce Defendant Moreno's sentence below the mandatory minimum. To the extent that the movant asks the Court to reduce his sentence based on the § 3553(a) factors considered at step two, the Court declines. As the answer at step one is that the movant is not eligible for a sentence reduction, the Court does not proceed to step two. *See* U.S.S.G. § 1B1.10; *Dunn*, 728 F.3d at 1155.

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Elio Moreno's motion to reduce his sentence is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:  **January 8, 2016**          /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE